Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>RAFAEL A. JORGE ROSARIO<br><br>Peticionario | KLCE202500515 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: DBD2019G0147<br><br>Sobre: Art. 182 CP |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebron Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de mayo de 2025.

Compareció ante nos, por derecho propio, el peticionario, señor Rafael A. Jorge Rosario (en adelante, el peticionario o señor Jorge Rosario)[1], mediante el escrito que nos ocupa, suscrito el día 1ro. de mayo de 2025 y presentado en la Secretaría de este Tribunal de Apelaciones, el 9 de mayo de 2025.[2]

Adelantamos que, por los fundamentos que expondremos a continuación, se desestima el recurso de *certiorari* de epígrafe por falta de jurisdicción, ello, debido al incumplimiento craso con las disposiciones reglamentarias para su perfeccionamiento.

### I

En esencia, el peticionario nos plantea que, se encuentra extinguiendo una pena por los delitos cometidos el 28 de mayo de 2019. Refiere que fue imputado de violación al Artículo 189 del Código Penal de 2012, reclasificado al Artículo 182 del aludido

---

[1] El señor Jorge Rosario indica que se encuentra confinado en el Centro Médico Correccional de Bayamón, por razón de su condición de cáncer de médula.
[2] El peticionario omitió incluir el título en su escrito, aunque en el cuerpo de este se refiere a este como *certiorari*.

Código; por lo que fue sentenciado a cumplir una pena de diez (10) años. A pesar de que el peticionario arguye que, el Artículo 182 del precitado Código Penal no sufrió cambios con la aprobación de la Ley 246-2014, le solicita a este foro revisor que lo *re sentencie*, bajo el principio de favorabilidad.

Por no considerarlo necesario, prescindimos de la comparecencia de la parte recurrida.[3]

**II**

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Miranda Corrada v. DDEC et al.,* 211 DPR 738, 745 (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020) *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Miranda Corrada v. DDEC et al.,* supra, pág. 745; *Báez Figueroa v. Adm. Corrección,* 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254,268 (2018); *Souffront v. AAA,* 164 DPR 663, 674 (2005).

---

[3] A virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015); *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Souffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

## B. *Perfeccionamiento de Recursos*

El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. Conforme ha resuelto la Alta Curia, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso, según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005). Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Íd.*; *Arriaga v. FSE*, 145 DPR 122, 130 (1998).

En lo pertinente, respecto a los requisitos de contenido necesarios para el perfeccionamiento de un recurso de *certiorari*, la Regla 34 del Reglamento de este Tribunal[4], en su inciso (C), dispone lo siguiente:

*Regla 34 – Contenido de la solicitud de "certiorari"*

El escrito de *certiorari* contendrá:

---

[4] 4 LPRA Ap. XXII-B, R. 34(C)

[…]

(C) Cuerpo

    (1)    toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

        (a) […]

        (b) […]

        (c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari; además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

        (d) Una relación fiel y concisa de los hechos procesales y materiales del caso.

        (e) Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.

        (f) Una discusión de los errores señalados, incluyendo las disposiciones de la ley y la jurisprudencia aplicables.

        (g) […] 4 LPRA Ap. XXII-B, R. R. 34(C).

Por otro lado, la Regla 34(E)(1) de nuestro Reglamento[5], dispone que, la inclusión de un apéndice debe contener, entre otros, los siguientes requisitos:

[.....]

(E)  Apéndice

    (1)    Salvo lo dispuesto en el apartado (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

        (a)  las alegaciones de las partes, a saber:

            (i) en casos civiles, la demanda principal, la de coparte o de tercero y

---

[5] 4 LPRA Ap. XXII-B, R. 34(E)(1).

reconvención con sus respectivas contestaciones;

(ii) en los casos criminales, la denuncia y la acusación si la hubiere.

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, [. . .].

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari* y la notificación del archivo en autos de copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

Con respecto a los apéndices incompletos, nuestra Máxima Curia ha expresado lo siguiente: "[D]ebemos aclarar que generalmente nos hemos movido a desestimar recursos por tener apéndices incompletos **cuando esa omisión no nos permite penetrar en la controversia o constatar nuestra jurisdicción**". (Cita omitida) (Énfasis nuestro). *Vázquez Figueroa v. ELA*, 172 DPR 150, 155 (2007). También, ha expresado que, las normas que rigen el perfeccionamiento de los recursos apelativos deberán ser observadas rigurosamente. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2011)*; Hernández Maldonado v. Taco Maker*, supra, pág. 290.

Por tanto, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de

poder revisar al tribunal de instancia. *Morán v. Marti,* 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. AEE,* 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[6] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[7]

De otra parte, en cuanto al perfeccionamiento de los recursos, nuestro más Alto Foro ha resuelto expresamente que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales. *Febles v. Romar,* 159 DPR 714 (2003).

### C. Regla 192.1 de Procedimiento Criminal

Por su parte, la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, dispone lo relacionado al procedimiento posterior a la sentencia. Dicha regla dispone, en lo aquí pertinente, lo siguiente:

> (a) *Quienes pueden pedirlo.* Cualquier persona que se halle detenida en virtud de una sentencia dictada por cualquier sala del Tribunal de Primera Instancia y que alegue el derecho a ser puesta en libertad porque: (a) la sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o (b) el tribunal no tenía jurisdicción para imponer dicha sentencia; o (c) la sentencia impuesta excede de la pena prescrita por la ley, o (d) la sentencia está sujeta a ataque colateral por cualquier motivo, podrá presentar una moción a la sala del tribunal que impuso la sentencia para que anule, deje sin efecto o corrija la sentencia.
>
> La moción para dichos fines podrá ser presentada en cualquier momento. En la moción deberán incluirse todos los fundamentos que tenga el peticionario para

---

[6] *García Morales v. Mercado Rosario,* 190 DPR 632, 638 (2014).
[7] *Soto Pino v. Uno Radio Group,* supra, pág. 90; *Hernández Maldonado v. Taco Maker,* supra, pág. 290; *Arriaga v. FSE,* supra, pág. 130.

solicitar el remedio provisto en esta regla. Se considerará que los fundamentos no incluidos han sido renunciados, salvo que el tribunal, con vista de una moción subsiguiente, determine que no pudieron razonablemente presentarse en la moción original.

(b) *Notificación y vista.* A menos que la moción y los autos del caso concluyentemente demuestren que la persona no tiene derecho a remedio alguno, el tribunal dispondrá que se notifique con copia de la moción, si se trata de una sentencia dictada por el Tribunal de Distrito, al fiscal de la sala del Tribunal de Primera Instancia a la cual puedan apelarse las sentencias de dicho Tribunal de Distrito. El tribunal proveerá asistencia de abogado al peticionario si no la tuviere, señalará prontamente la vista de dicha moción, se asegurará de que el peticionario ha incluido todos los fundamentos que tenga para solicitar el remedio, fijará y admitirá fianza en los casos apropiados, establecerá las cuestiones en controversia y formulará determinaciones de hecho y conclusiones de derecho con respecto a la mismas.

Si el Tribunal determina que la sentencia fue dictada sin jurisdicción, o que la sentencia impuesta excede la pena prescrita por ley, o que por cualquier motivo está sujeta a ataque colateral, o que ha habido tal violación de los derechos constitucionales del solicitante que la hace susceptible de ser atacada colateralmente, el tribunal la anulará y dejará sin efecto y ordenará que el peticionario sea puesto en libertad, o dictará una nueva sentencia, o concederá un nuevo juicio, según proceda.

El tribunal podrá considerar y resolver dicha moción sin la presencia del solicitante en la vista, a menos que se plantee alguna cuestión de hecho que requiera su presencia.

El Tribunal sentenciador no vendrá obligado a considerar otra moción presentada por el mismo confinado para solicitar el mismo remedio.

[…]

La moción al amparo de esta Regla 192.1, *supra,* puede presentarse **ante el tribunal sentenciador** en cualquier momento, después de dictada sentencia, incluso, cuando ésta haya advenido final y firme. La regla requiere que se incluyan en la moción todos los fundamentos que tenga el peticionario para solicitar el remedio provisto en ella, por lo que se considerarán renunciados los fundamentos no incluidos en la moción, a menos que el tribunal, con base en un escrito subsiguiente, determine razonable que tales fundamentos no pudieron presentarse en la moción original. Según

este mecanismo, la cuestión que ha de plantearse es si la sentencia impugnada está viciada por un error fundamental que contradice la noción más básica y elemental de lo que constituye un procedimiento criminal justo. *Pueblo v. Pérez Adorno*, 178 DPR 946, 965-966 (2010).

Este recurso bajo la Regla 192.1, *supra*, sólo está disponible cuando la sentencia adolece de un defecto fundamental que conlleva inevitablemente una violación al debido proceso de ley. Por ello, salvo circunstancias excepcionales, no se concederá en sustitución del recurso ordinario de apelación. Véanse: *Otero Fernández v. Alguacil*, 116 D.P.R. 733 (1985); D. Rivé Rivera, *Recursos Extraordinarios*, San Juan, Universidad Interamericana de Puerto Rico, 2da ed., San Juan, Ed. U.I.A., 1996, págs. 181- 184. *Pueblo v. Pérez Adorno*, supra, pág. 966.

Como ha enfatizado el Tribunal Supremo de Puerto Rico en ocasiones anteriores, a pesar de la amplitud del lenguaje empleado por la Regla 192.1, *supra,* los fundamentos para revisar una sentencia mediante este mecanismo se limita a cuestiones de derecho, por lo que el precepto no puede ser empleado para argumentar cuestiones de hechos que hubieren sido adjudicadas por el tribunal. (*Cita omitida*). Se trata de un mecanismo para cuestionar la legalidad de la sentencia, no su corrección, a la luz de los hechos. *Pueblo v. Marcano Parrilla*, 152 D.P.R. 557 (2000). *Pueblo v. Pérez Adorno*, págs. 966-967.

Si el tribunal determina que la sentencia se dictó sin jurisdicción, que excede la pena prescrita por la ley, que por cualquier motivo, está sujeta a un ataque colateral o que ha habido tal violación a los derechos constitucionales del solicitante que la hace susceptible de ser atacada colateralmente, el tribunal anulará y dejará sin efecto la sentencia y ordenará que el peticionario sea puesto en libertad o dictará una nueva sentencia u ordenará un

nuevo juicio, según proceda.[8] *Pueblo v. Contreras Severino*, 185 DPR 646, 659-660 (2012).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

Como tribunal apelativo, en primer lugar, nos corresponde examinar si ostentamos jurisdicción para atender el recurso de epígrafe.

En esencia, el señor Jorge Rosario nos solicita que modifiquemos la *Sentencia* que le fue impuesta en diciembre de 2019 y se le re sentencie.  No obstante, de una revisión al expediente no encontramos resolución u orden alguna de la cual la parte peticionaria pudiese estar recurriendo, lo que nos impide entrar en la controversia y auscultar nuestra jurisdicción. Tampoco la parte peticionaria especifica la fecha en la cual fue dictada o notificada, conforme las exigencias de la Regla 34(C) del Reglamento de este Tribunal.  De igual manera, en incumplimiento con la precitada disposición, la parte peticionaria no detalló una relación fiel y concisa de los hechos procesales y materiales del caso, así como tampoco un señalamiento breve y conciso de los errores que, a su juicio, cometió el foro de primera instancia, ni las disposiciones de la ley y la jurisprudencia aplicables[9].

Al revisar el expediente ante nuestra consideración nos percatamos de que, el señor Jorge Rosario no anejó copia de la *Sentencia* respecto a la cual solicita la modificación ni de ningún otro documento que nos permita auscultar si ostentamos jurisdicción para entender en su recurso.  Por consiguiente, fuera de los argüido por el peticionario, no podemos constar ni siquiera,

---

[8] Regla 192.1 (b) de Procedimiento Criminal, 34 LPRA Ap. II.
[9] 4 LPRA Ap. XXII-B, R. 34(C).

por cual delito este fue encontrado culpable y la pena a la cual fue sentenciado.

Cabe destacar que, el peticionario tampoco incluyó con el escrito de epígrafe la moción, si alguna, presentada por este ante el foro sentenciador en el que solicitara la modificación de su *Sentencia* ni copia la *Resolución* emitida por el foro primario, cuya revisión solicita. Más aún, el peticionario ni siquiera hace mención en su escrito de haber presentado su solicitud al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, ante el foro por primario, tal cual lo exige tal precepto procesal. En consecuencia, desconocemos cuáles fueron los planteamientos, si alguno, del señor Jorge Rosario ante el foro recurrido.

Es decir, el peticionario no incluyó con su recurso un apéndice que contuviese documentos relevantes que formen parte del expediente original en el Tribunal de Primera Instancia, que nos pudiese ser útil a los fines de resolver la controversia, según requiere el Reglamento de este Foro Apelativo[10]. Dichas omisiones por parte del peticionario, e incumplimiento con la Regla 34(E)(1) de nuestro Reglamento, tienen como resultado un recurso tan defectuoso que nos impide atender el mismo en sus méritos y revisar la corrección del dictamen que se pretende impugnar.

En vista de lo anterior, procedemos a desestimar el recurso de marras, de conformidad con la Regla 83(C) del Reglamento de este Tribunal[11], el cual le confiere facultad a este Tribunal para, a iniciativa propia, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos antes expuestos, se desestima el recurso de epígrafe por falta de jurisdicción, ello debido al incumplimiento

---

[10] 4 LPRA Ap. XXII-B, R. 34(E)(1).
[11] 4 LPRA Ap. XXII-B, R. 83 (C).

con las disposiciones reglamentarias para el perfeccionamiento del mismo, lo que nos impide ejercer nuestra capacidad revisora.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Resolución* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones